UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HARVEY B. SHAPIRO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN<br><br>　　　　Defendant. | Case No. 2:13-cv-1688-APG-PAL<br><br>**ORDER**<br><br>(Dkt. ##25, 28, 33) |

　　Plaintiff Harvey Shapiro filed an application for disability insurance on July 3, 2010 alleging he is mentally disabled. The Social Security Administration denied Shapiro's application both when he initially filed it and on reconsideration. Administrative Law Judge Barry Jenkins held a hearing in December 2011 and eventually decided that Shapiro was not disabled. Shapiro's request to have the ALJ's decision reviewed was denied by the Appeals Council in July 2013. The ALJ's decision therefore became the Commissioner's final decision. Shapiro now seeks judicial review of that decision, arguing that I should reverse it or, in the alternative, remand the case for further proceedings before the Commissioner.

　　Magistrate Judge Peggy Leen recommends that I grant Shapiro's motion and remand the case. (Dkt. #33.) In her view, there are inconsistencies in the ALJ's decision that "create serious doubt as to whether [Shapiro] is disabled by his mental functional limitations." (*Id.* at 25). The Commissioner objects, arguing that Judge Leen "improperly finds that the ALJ did not cite specific and legitimate reasons in support of [her] rejection of Dr. Mandell's opinion and Dr. Jenuan's opinion." (Dkt. #34 at 2). Having reviewed the record de novo, I agree with Judge Leen and remand the case for further proceedings consistent with her Report of Findings and Recommendation.

## I.  LEGAL STANDARD

The review of an ALJ's decision to deny benefits is limited to determining whether the ALJ's findings were supported by substantial evidence and whether the ALJ applied the appropriate legal standards; I may set the ALJ's determination aside only if the ALJ's finding is not supported by substantial evidence or is based on legal error. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997); *Smolet v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). "Substantial evidence means more than a scintilla but less than a preponderance"; it is evidence that "a reasonable person might accept as adequate to support a conclusion." *Flaten v. Sect'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). If the evidence is subject to more than one rational interpretation, one of which supports the ALJ's decision, I must affirm. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). I have the authority to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). I may also order the Commissioner to collect additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id*.

Shapiro is entitled to disability benefits under the Social Security Act if he "(a) suffers from a medically determinable physical or mental impairment . . . that has lasted or can be expected to last for a continuous period of not less than twelve months; and (b) the impairment renders the claimant incapable of performing the work . . . [he] previously performed and incapable of performing any other substantial gainful employment that exists in the national economy." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). If Shapiro demonstrates that he cannot perform his prior work, the burden shifts

to the Commissioner to show that Shapiro can perform a significant number of other jobs that exist in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074-75 (9th Cir. 2007).

## I.   ANALYSIS

The Commissioner challenges Judge Leen's finding that the ALJ did not cite specific and legitimate reasons for giving little weight both to the opinions of Dr. Havi Mandell, a psychologist who treated Shapiro for almost all of the three years leading up to Shapiro's filing for disability, and to the opinions of Dr. Eugene Jenuan, a psychiatrist who treated Shapiro for eleven months in 2011. *See* A.R. 400-404. The Ninth Circuit has held that an ALJ states "specific and legitimate reasons" by setting out a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn v. Astrue*, 495 F3d 625, 632 (9th Cir. 2007). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.*

Here, the ALJ did not satisfy that standard. As Judge Leen points out, the ALJ "ignored most of Dr. Mandell's treatment notes, did not examine their internal consistency, never explicitly compared them, and did not explicitly state how the treatment notes were inconsistent with the opinions of any other of the treating, consulting, or examining physicians providing opinions in this case." (Dkt. #33 at 20.) The ALJ was similarly remiss with regard to Dr. Jenuan. He concludes a lot from what he characterizes as the routine, "conservative" treatment Shapiro received,[1] but it is unclear where his characterization of the treatment as conservative comes from. A.R. 35. The ALJ does not explain, for example, what other, more aggressive treatments

---

[1] Under *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008), evidence of conservative treatment is sufficient to discount a claimant's testimony regarding the severity of physical impairment.

Page 3 of 4

were available to Shapiro. Nor does he address the case law that identifies as "not conservative" treatment similar to what Shapiro has received: treatment that involves frequent therapy sessions and the prescription of psychotropic medications. *See Carden v. Colvin*, 2014 WL 839111, at *3 (C.D. Mar. 4, 2014); *Mathews v. Astrue*, 2012 WL 1144423, at *9; *Mason v. Colv*in, 2013 WL 5278932, at *6 (E.D. Cal. Sept. 18, 2013).

I therefore remand this case for further proceedings consistent with Judge Leen's Report. Among other things, the ALJ must provide a more detailed and thorough summary of the facts and clinical evidence that led him to discount the opinions of Dr. Mandell and Dr. Jenuan. He must also address the factors set forth in 20 C.F.R. § 404.1527(c) for weighing opinion evidence. As Judge Leen noted, he did not consider factors such as the length of the treating relationship, the frequency of examination, and the nature and extent of Shapiro's relationship with both Dr. Mandell and Dr. Jenuan. (Dkt. #33 at 18.) Including these details will help clarify why the opinions of these two medical professionals, both of whom opined that Shapiro's mental limitations precluded him from employment, were not given more weight.

## II.   CONCLUSION

Judge Leen's Report and Recommendation **(Dkt. #33) is ACCEPTED**. Plaintiff Harvey Shapiro's motion to remand **(Dkt. #25) is GRANTED**. The Commissioner's cross-motion to affirm **(Dkt. #28) is DENIED**. This case is remanded for further proceedings consistent with Magistrate Judge Leen's Report of Findings and Recommendation.

DATED this 3rd day of December, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE